**Khoi Trong HUYNH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–01369–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1992.

Clinton F. Greenwood, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Khoi Trong Huynh, appeals his judgment of conviction for aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1992). Appellant waived his right to trial by jury and entered a plea of not guilty to the court. The trial court found appellant guilty and assessed punishment at twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On July 15, 1991, at 10:00 p.m. appellant and a younger man entered a convenience store. The younger man placed a six-pack of beer on the counter. While Hai Nguyen, the sales clerk, was in the process of completing the sales transaction, appellant went behind the sales counter and pointed a pistol at Nguyen.

Appellant forced Nguyen into the store restroom. The younger man entered the restroom and pointed a pistol at Nguyen's head. He demanded to know where the key to the store safe was and where the cigarette cartons were kept. Nguyen told him where those items were.

Appellant bound Nguyen's hands behind his back and taped his mouth shut with tape. Appellant then ordered Nguyen to stay in the restroom. The assailants then fled from the store. After a while, Nguyen heard a customer calling to see if anyone was in the store and he then came out of the restroom, bound and gagged. Another customer untied Nguyen and called the police.

On July 19, 1991, Nguyen went to a pool hall where he saw appellant playing pool. He informed a security officer, Ruben Villarreal, concerning the aggravated robbery at the convenience store. He described and pointed out appellant to Villarreal. The officer looked at appellant and appellant went outside with a beer can in his hand. Villarreal and his partner then approached appellant. Appellant threw the beer can at the officers, ran into the pool hall and tried to hide inside the ladies' restroom. The officers then held appellant until the Houston police arrived to arrest him.

In points of error one, two, four, six and seven, appellant contends that his defense counsel rendered ineffective assistance by (1) not filing any pre-trial motions on behalf of appellant and by failing to seek out and interview potential witnesses; (2) causing appellant to waive his right to a jury trial; (3) failing to object to leading questions and hearsay during the state's direct examination; (4) not objecting to dif-

ferent judges serving during the guilt/innocence and punishment phases; and (5) rendering overall ineffective assistance. To prevail in a claim of ineffective assistance of counsel during the guilt or innocent phase of trial, appellant must prove (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopted standard in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In assessing an alleged deficiency, this court will determine, in light of all the circumstances, whether it was "outside the range of professional competent assistance." *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App. 1989), *cert. denied*, 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). If so, we then decide whether there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Id.* It is a reasonable probability if the probability is sufficient to undermine confidence in the outcome. *Id.*

■ In appellant's first point of error, he asserts his trial counsel was ineffective for failing to file pretrial motions or seeking out and interviewing potential witnesses. Appellant first contends that his trial counsel should have filed a pretrial application for probation if an election had been made to have a jury trial. Although this will be discussed in greater detail in addressing appellant's points of error two and three, we find nothing in the record to indicate that appellant did not knowingly and voluntarily elect to have a trial by the court which would have negated the necessity of filing an application for probation. What the record does indicate is that this was against his trial counsel's advice, therefore, we find no merit in this argument.

■ Appellant next contends that his trial counsel should have filed a discovery motion and interviewed witnesses to explore the issue of identity. He speculates that a pretrial discovery motion may have provided appellant's trial counsel with other witnesses that could have supported an alibi or mistakened identity defense. We,

as an appellate court, cannot reverse based on speculation. *See Passmore v. State*, 617 S.W.2d 682, 685 (Tex.Crim.App.1981), *overruled on other grounds*, *Reed v. State*, 744 S.W.2d 112 (Tex.Crim.App.1988). An assertion of ineffective assistance of counsel will be sustained only if the record affirmatively supports such a claim. *Ex parte Ewing*, 570 S.W.2d 941, 943 (Tex. Crim.App.1978). There is nothing in the record indicating that any witness could have provided appellant a defense. The only evidence in the record appellant points to is appellant's testimony on cross-examination in which he stated that he was playing pool with Vinh Pham and a whole bunch of friends on the night of the incident. Vinh Pham was never called to testify on behalf of the defense, nor were the supposed bunch of friends. Nevertheless, there is nothing in the record indicating that appellant's trial counsel did not attempt to obtain this information from his own client. Unless this was a new story, appellant's trial counsel probably was given this information in discussing the case with appellant prior to trial. Upon investigation, it may have been discovered that Vinh Pham and the friends did not corroborate appellant's story. We do not know. There is nothing in the record indicating the reason for failing to call Vinh Pham or the friends. There is also nothing in the record indicating that appellant's trial counsel did not interview other witnesses concerning appellant's whereabouts at the time of the offense and determined that their testimony would be inappropriate for appellant's defense. Appellant's appellate counsel has the opportunity to make a record concerning this in a motion for new trial hearing or other post trial devices. It is appellant's burden to present a record and arguments that show he was harmed by the failure to file specific motions. Failure to file pre-trial motions, in itself, does not result in ineffective assistance of counsel. *See Yuhl v. State*, 784 S.W.2d 714, 717 (Tex.App.—Houston [14th Dist.] 1990, pet ref'd); *Humber v. State*, 624 S.W.2d 814, 815 (Tex.App.—Houston [14th Dist.] 1981, no pet). Finding nothing in the

record to support appellant's claim, point of error one is overruled.

■ In point of error two, appellant contends that his trial counsel was ineffective for electing to waive a jury trial since appellant would be precluded from receiving court-ordered probation, other than deferred adjudication, for the charged offense. We first note that appellant's point of error is phrased erroneously because he argues ineffective assistance of counsel because his *defense counsel* elected to waive a jury trial. Obviously, appellant's defense counsel had no authority to waive the jury trial. It was appellant's right and appellant's right alone to waive a jury trial. TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977) sets forth the requirements for a waiver of trial by jury in a case of felony less than capital. The *defendant* must make the waiver in writing in open court, with the consent and approval of the court, and the attorney for the State. *Id.* A written waiver meeting this requirement is contained in the record. Further, the record contains the following exchange concerning appellant's waiver:

THE COURT: I have before me a piece of paper entitled Waiver of Trial by Jury in a felony Less than Capital, which appears to be signed by you, your attorney, and the District Attorney's office.

Is it your desire to give up a trial by Jury and enter a plea of not guilty before the court?

[APPELLANT]: Yes.

THE COURT: You understand you have a right to have a jury empaneled and sit over there in judgment in this case?

And the law says you can give up that right and let me hear that, if you want to.

[APPELLANT]: Yes.

THE COURT: Is that what you want to do?

[APPELLANT]: Yes.

THE COURT: Mr. Peterson [appellant's attorney], have you explained that right to your client, and are you satisfied he does understand the right to a trial by Jury, and he wants to give up that right and try it to the Court?

MR. PETERSON: Yes, I have explained it.

*I have also given him my advice, and he desires to have it presented to the Court without a Jury.*

THE COURT: I notice you signed it. Is that agreeable with you?

MR. PETERSON: Well, *it's contrary to my advice, but since my client stressed that's what he wants, I go along with his rights.*

THE COURT: And is that agreeable with you?

[THE STATE]: Yes, sir, it is agreeable with the State.

THE COURT: And I will approve it.

(emphasis added).

■ Appellant stresses that the record is devoid of any reference by defense counsel that he was aware that the Court was statutorily barred from granting probation to appellant if he was convicted of the offense. Nevertheless, this is the improper way to support appellant's assertion that his trial counsel failed to give him advice on the effect of waiving a trial by jury. A silent record will not support this position. See *Pinkston v. State*, 744 S.W.2d 329 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (without conclusive support in record, court would not presuppose what advise the attorney gave Pinkston); *Flanagan v. State*, 675 S.W.2d 734, 747 (Tex.Crim.App. 1984) (where nothing in record reflects whether waiver was made on counsel's suggestions or at appellant's insistence or that the decision was not a valid trial strategy, court would not review claim of ineffectiveness as to waiver of jury trial); *Harvey v. State*, 681 S.W.2d 646, 648 (Tex. App.—Houston [14th Dist] 1984, pet. ref'd) ("The decision as to who assesses punishment in any criminal case is a matter of trial strategy.... We are not in a position to second guess, through appellate hindsight, the strategy adopted by counsel at trial.") (citation omitted). It is appellant's burden to provide this court with a record sufficient to support his arguments. See TEX.R.APP.P. 50(d). We will not speculate that erroneous or inadequate advice was given. By all indications in the record, his

trial counsel gave him advice which appellant chose not to take concerning waiver of his right to a jury trial. Appellant's point of error two is overruled.

In point of error three, appellant contends the trial court should have admonished him that he was not eligible for probation if he waived his right to trial by jury or inquired whether such admonishment was given by his attorney. Appellant cites to no legal authority as to why this would be the basis of reversal. We find no cases to support the position that a trial judge has a duty to inquire of the defendant or his attorney what specific legal advice concerning waiver of jury trial was given. The trial judge discussed appellant's waiver of jury trial with appellant's trial counsel. From the record it appears, the judge was satisfied with the attorney's responses that appellant had been given legal advice on this issue and that the waiver was knowing and voluntary. Finding no basis for reversal, appellant's point of error three is overruled.

In point of error four, appellant contends his trial counsel was ineffective because he did not object to leading questions and questions that elicited hearsay. Nevertheless, even if such questions were impermissible and elicited inadmissible evidence, it is presumed in a trial before the court that the trial judge disregarded any inadmissible evidence. *Keen v. State*, 626 S.W.2d 309, 314 (Tex.Crim.App.1981); *Tolbert v. State*, 743 S.W.2d 631, 635 (Tex.Crim.App.1988). This point of error fails the second prong of the *Strickland* test. Appellant's point of four is overruled.

In point of error five and six, appellant contends the court erred by having one trial judge determine guilt or innocence and a second judge assess punishment and that appellant's defense counsel rendered ineffective assistance by failing to object to such. Nevertheless, appellant concedes, "it is proper for a different judge to sit at the punishment hearing and his decision will not be disturbed on appeal absent a showing of abuse of discretion." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984).

Generally, if the sentence assessed is within the permissible range of punishment, it should not be disturbed on appeal. *Id.* (citing *Nunez v. State*, 565 S.W.2d 536 (Tex.Crim.App.1978)). As long as the judge who assessed punishment had some evidence or facts before him, his decision should be upheld. *Id.* In the present case, the record shows that the sentencing judge considered the presentence investigation report before assessing a twelve-year sentence.

Appellant attaches an affidavit from a court reporter purportedly attesting that the trial judge at punishment did not have the statement of facts of the guilt/innocence phase before he assessed appellant's sentence. The record does not indicate whether the sentencing judge was informed of the facts before assessing punishment. Moreover, the court reporter's affidavit is not a part of the appellate record and thus, is not properly before this court. *Martin v. State*, 492 S.W.2d 471, 472 (Tex.Crim.App.1973); *Vasquez v. State*, 654 S.W.2d 775, 779 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *Penix v. State*, 748 S.W.2d 629 (Tex.App.—Fort Worth 1988, no pet.) (Appellate courts cannot consider documents attached to the appellant's brief which are not in the record). We hold, therefore, that the trial court did not err in allowing a different judge to assess punishment since there is nothing to indicate that the trial judge at punishment only considered the PSI report. We further hold that since it was permissible for a different judge to sit at the punishment phase and appellant has not demonstrated that he was prejudiced by such, there is no showing of ineffective assistance under both prongs of the *Strickland* test. Appellant's points of error five and six are overruled.

Appellant's point of error seven arguing "overall ineffective assistance" merely reviews the arguments appellant made concerning ineffective assistance in points of error one, two, four and six. Because it is repetitious and presents nothing new for our consideration, we will not consider this

 

point of error. Point of error seven is overruled.

Accordingly, the judgment of the trial court is affirmed.