NO. 07-98-0057-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL A



APRIL 10, 2002



______________________________




JENNIFER L. CHAMLEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;



NO. 0618801D; HONORABLE R. E. THORNTON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Jennifer L. Chamley appeals from her sentence of five years confinement
pursuant to a guilty plea of possession with intent to deliver a controlled substance of four
grams or more, but less than 200 grams. We affirm.

 Appellant was indicted on two counts of possession with intent to deliver a
controlled substance: methamphetamine in the amount of more than four grams but less
than 200 grams, and amphetamine in the amount of more than four grams but less than
200 grams. She entered a plea of guilty to the methamphetamine charge and the State
dismissed the amphetamine charge. As part of her guilty plea process, she executed a
written waiver of her right to a jury and her right to appeal. There was no plea bargain as
to punishment. The State made no recommendation as to punishment. 

 The court properly admonished appellant, including the possible sentence range
of five to 99 years. Appellant stated that she understood, and persisted in her guilty plea. 
After hearing appellant's testimony, including her confession, the judge ordered a pre-sentence investigation and continued the hearing.

 When the trial resumed, the pre-sentencing report was admitted into evidence. A
narcotics officer testified that appellant became a confidential informant in hopes of having
her case dismissed. Appellant was also to keep in touch with the undercover officer at
least twice a week, which she failed to do. Appellant did not generate three drug cases. 
The undercover narcotics officer, however, testified that he thought she should
nevertheless receive probation. Evidence was presented that appellant had a drug
problem but did not admit to it. Her punishment was assessed by the trial court at five
years in the Institutional Division of the Texas Department of Criminal Justice. 

 By her only issue, appellant contends that the trial court abused its discretion in
sentencing her to five years imprisonment. Appellant relies on Jackson v. State, 680
S.W.2d 809 (Tex.Crim.App. 1984), for the proposition that the general rule, a sentence
within the proper range of punishment is not an abuse of discretion, is not absolute. She
urges that there must be some evidence upon which the court assesses punishment. Id.
at 814; Huynh v. State, 833 S.W.2d 636, 640 (Tex.App.--Houston [14th Dist.] 1992, no
pet.). She asserts that just because the sentence is in the statutory range of punishment,
the possibility of an abuse of discretion is not eliminated. She further points out that she
was eligible for probation and the pre-sentence investigative report which was in evidence
recommended that she be placed on probation. 

 The State first argues that appellant waived her right to appeal. Next, the State
urges that, in any event, the trial court did not abuse its discretion in assessing punishment
within the statutory range. 

 When the standard of review is abuse of discretion, the record must simply contain
some evidence to support the decision made by the trial court. Brumbalow v. State, 933
S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd). 

 Before her guilty plea hearing appellant executed a written waiver of her right to
appeal. She also executed written admonishments, a waiver of her rights, and a judicial
confession. She testified that she was guilty of the indicted offense. The trial court
continued the hearing for preparation of a pre-sentence investigative report. When the
hearing resumed, the investigative report was admitted into evidence without objection. 
The trial court then heard testimony about appellant's attempt to cooperate with authorities
as an informant in drug-related matters. 

 In considering appellant's punishment, the trial court had before it appellant's
written confession, her testimonial confession, and a pre-sentence investigation report
indicating, in part, that appellant was in denial of a drug problem which had previously
contributed to loss of custody of her children. 

 Jackson, cited by both appellant and the State, sets out the general rule that as long
as a sentence is within the proper statutory range of punishment it will not be disturbed on
appeal. Jackson, 680 S.W.2d at 814. In Jackson, however, the sentencing trial judge did
not hear the guilty plea testimony of the defendant, did not review a transcript of the guilty
plea testimony, and the only evidence before the judge on punishment was a pre-sentence
investigative report which was inadmissible and which had been properly objected to. The
Jackson court held that the trial court abused its discretion in sentencing the defendant
because the sentence was based on no evidence:

 [I]n all of the cases dealing with review in this area there was at least some
evidence or facts available to the court and upon which the court could have
relied in assessing punishment. We can find no case sanctioning, over
timely objection, a particular punishment decision in which there was no
evidence of the offense, no information about the defendant, no punishment
evidence, no plea bargain; in short, nothing at all upon which the punishment
decision could have been based. We decline to sanction such procedure
and hold that under the limited facts of this case the trial judge abused his
discretion when, over proper objection, he determined the appellant's
punishment.


Id. 

 

 Unlike the trial judge in Jackson, the trial court in appellant's case had evidence
before it on the issue of punishment. The sentence assessed was within that prescribed
by statute. Thus, the trial court did not abuse its discretion in sentencing appellant. See
id.; Brumbalow, 933 S.W.2d at 300. Regardless of whether appellant waived her right to
appeal as is urged by the State, her sole issue is without merit and is overruled. We need
not and do not consider whether appellant waived her right to appeal. Tex. R. App. P.
47.1. 

 The judgment of the trial court is affirmed.


 Phil Johnson

 Justice



Do not publish.



aid appellant was disoriented, had slurred speech, trouble maintaining
his balance, and smelled of alcohol. Based on the testimony presented by Gregus and the
tattoo shop owner, the evidence is sufficient to show that appellant was operating the car
while intoxicated at the time of the accident. Point of error one is overruled.

 Concluding that the evidence is legally sufficient to support the conviction, we must
now determine, after a neutral review of all the evidence, whether it is factually sufficient
to support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive province of the fact
finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v.
State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 The State established that the car appellant was driving contained full and empty
beer bottles. Additionally, upon his search of McNeil's residence, the trooper did not find
any evidence that appellant had become intoxicated there. Furthermore, McNeil testified
that based on the telephone conversation with appellant immediately following the
accident, he believed him to be intoxicated. Specifically, he testified:

 A. Oh, yeah, he was intoxicated.

 Q. Why do you say that?

 A. I know Tony.

* * *


 A. Tony kind of gets a little bit loud and, you know, acts kind of silly; and he's
probably like everybody else when they get drunk. You know, you act goofy
and, you know -

 Q. Okay.

 A. - that's - I just know he was drinking and I know he was drunk and I - I
just know that.


 Appellant testified in his own defense and denied driving McNeil's car at the time it
was in the accident. He also claimed his intoxicated-like appearance was the result of
medications. However, the jury, as the exclusive judge of the facts and credibility of the
witnesses, was free to believe or disbelieve the testimony of any witness. Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon Pamph. Supp. 2004); Adelman v. State, 828 S.W.2d 418,
421 (Tex.Cr.App. 1992). After a neutral review of all the evidence, we conclude it is
factually sufficient to support appellant's conviction. Point of error two is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.