NO. 07-98-0057-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 10, 2002

_____

JENNIFER L. CHAMLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0618801D; HONORABLE R. E. THORNTON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jennifer L. Chamley appeals from her sentence of five years confinement pursuant to a guilty plea of possession with intent to deliver a controlled substance of four grams or more, but less than 200 grams. We affirm.

Appellant was indicted on two counts of possession with intent to deliver a controlled substance: methamphetamine in the amount of more than four grams but less than 200 grams, and amphetamine in the amount of more than four grams but less than

200 grams. She entered a plea of guilty to the methamphetamine charge and the State dismissed the amphetamine charge. As part of her guilty plea process, she executed a written waiver of her right to a jury and her right to appeal. There was no plea bargain as to punishment. The State made no recommendation as to punishment.

The court properly admonished appellant, including the possible sentence range of five to 99 years. Appellant stated that she understood, and persisted in her guilty plea. After hearing appellant's testimony, including her confession, the judge ordered a pre-sentence investigation and continued the hearing.

When the trial resumed, the pre-sentencing report was admitted into evidence. A narcotics officer testified that appellant became a confidential informant in hopes of having her case dismissed. Appellant was also to keep in touch with the undercover officer at least twice a week, which she failed to do. Appellant did not generate three drug cases. The undercover narcotics officer, however, testified that he thought she should nevertheless receive probation. Evidence was presented that appellant had a drug problem but did not admit to it. Her punishment was assessed by the trial court at five years in the Institutional Division of the Texas Department of Criminal Justice.

By her only issue, appellant contends that the trial court abused its discretion in sentencing her to five years imprisonment. Appellant relies on Jackson v. State, 680 S.W.2d 809 (Tex.Crim.App. 1984), for the proposition that the general rule, a sentence within the proper range of punishment is not an abuse of discretion, is not absolute. She

urges that there must be some evidence upon which the court assesses punishment. Id. at 814; Huynh v. State, 833 S.W.2d 636, 640 (Tex.App.--Houston [14th Dist.] 1992, no pet.). She asserts that just because the sentence is in the statutory range of punishment, the possibility of an abuse of discretion is not eliminated. She further points out that she was eligible for probation and the pre-sentence investigative report which was in evidence recommended that she be placed on probation.

The State first argues that appellant waived her right to appeal. Next, the State urges that, in any event, the trial court did not abuse its discretion in assessing punishment within the statutory range.

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd).

Before her guilty plea hearing appellant executed a written waiver of her right to appeal. She also executed written admonishments, a waiver of her rights, and a judicial confession. She testified that she was guilty of the indicted offense. The trial court continued the hearing for preparation of a pre-sentence investigative report. When the hearing resumed, the investigative report was admitted into evidence without objection. The trial court then heard testimony about appellant's attempt to cooperate with authorities as an informant in drug-related matters.

In considering appellant's punishment, the trial court had before it appellant's written confession, her testimonial confession, and a pre-sentence investigation report indicating, in part, that appellant was in denial of a drug problem which had previously contributed to loss of custody of her children.

Jackson, cited by both appellant and the State, sets out the general rule that as long as a sentence is within the proper statutory range of punishment it will not be disturbed on appeal. Jackson, 680 S.W.2d at 814. In Jackson, however, the sentencing trial judge did not hear the guilty plea testimony of the defendant, did not review a transcript of the guilty plea testimony, and the only evidence before the judge on punishment was a pre-sentence investigative report which was inadmissible and which had been properly objected to. The Jackson court held that the trial court abused its discretion in sentencing the defendant because the sentence was based on no evidence:

> [I]n all of the cases dealing with review in this area there was at least some evidence or facts available to the court and upon which the court could have relied in assessing punishment. We can find no case sanctioning, over timely objection, a particular punishment decision in which there was no evidence of the offense, no information about the defendant, no punishment evidence, no plea bargain; in short, nothing at all upon which the punishment decision could have been based. We decline to sanction such procedure and hold that under the limited facts of this case the trial judge abused his discretion when, over proper objection, he determined the appellant's punishment.

Id.

Unlike the trial judge in <u>Jackson</u>, the trial court in appellant's case had evidence before it on the issue of punishment. The sentence assessed was within that prescribed by statute. Thus, the trial court did not abuse its discretion in sentencing appellant. <u>See id</u>.; <u>Brumbalow</u>, 933 S.W.2d at 300. Regardless of whether appellant waived her right to appeal as is urged by the State, her sole issue is without merit and is overruled. We need not and do not consider whether appellant waived her right to appeal. TEX. R. APP. P. 47.1.

The judgment of the trial court is affirmed.


Phil Johnson
Justice


Do not publish.