Affirmed and Opinion filed June 27, 2002









Affirmed and Opinion filed June 27, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00584-CR

_______________

 

RODNEY JAY KINDLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________

 

On
Appeal from 351st District Court

Harris County, Texas

Trial
Court Cause No. 872,494

________________________________________________________

 

O
P I N I O N

A jury found appellant, Rodney Jay Kindle, guilty of felony
assault against his ex-wife, and Kindle agreed to a punishment of ten years= imprisonment.  Kindle appeals in a single issue, contending
that his trial counsel was ineffective during the guilt/innocence phase of
trial.  We affirm.

                                                               BACKGROUND








Kindle was in his sister=s apartment, giving his son and his
nephew haircuts, when his ex-wife arrived. 
While she was there, Kindle became angry at her.  He shoved her through a sheetrock wall,
dragged her across the floor by her hair, shoved his way into a bathroom where
she ran for protection, threw a ceramic knickknack at her, hit her in the head
with a candlestick, and threatened to kill her. 
The victim suffered cuts to her head and knees.  Kindle also broke the windows in the victim=s car, which was parked outside the
apartment, and dented the hood by throwing a large, potted plant onto it.  At trial, these events were substantiated by
the victim, by Kindle=s eighteen-year-old nephew (who tried to intervene in the
assault), and by the investigating officer.

                                                       STANDARD
OF REVIEW

To prove ineffective assistance of counsel, a defendant must
show that (1) counsel=s performance fell below an objective standard of
reasonableness under prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficient performance, the result
of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688 (1984); Rodriguez
v. State, 899 S.W.2d 658, 664 (Tex. Crim. App.
1995).

When reviewing a claim of ineffective assistance of counsel,
we must be highly deferential to trial counsel and avoid the deleterious
effects of hindsight, presuming that counsel made all significant decisions in
the exercise of reasonable professional judgment.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

Kindle bears the burden to show counsel=s ineffectiveness by a preponderance
of the evidence, and allegations of ineffectiveness must be firmly founded in
the record, affirmatively showing the alleged ineffectiveness.  Id. 
Without record evidence, we cannot conclude counsel was
ineffective.  See Tong v. State,
25 S.W.3d 707, 714 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001).  Except
in rare cases, a claim of ineffective assistance must be brought by application
for writ of habeas corpus rather than direct appeal, to develop the facts and
allow trial counsel to explain.  See
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim.
App. 2000).

 








ISSUE

Kindle argues that the totality of his lawyer=s representation reveals ineffective
assistance of counsel.  Specifically,
Kindle complains that his lawyer (1) failed to file discovery motions,
resulting in a surprise State witness; (2) did not understand the indictment
and charges; (3) failed to object to thirty-six allegedly improper questions
during trial; and (4) offered incorrect objections in two instances.

To the extent Kindle=s complaint is that the cumulative
effect of alleged errors resulted in ineffective assistance of counsel, he
presents nothing for review.  An
allegation that the cumulative effect of two or more purported errors denies a
defendant a fair trial is not a proper ground of error and thus presents
nothing for review.  Stoker v. State,
788 S.W.2d 1, 18 (Tex. Crim. App. 1989); Ford v.
State, 14 S.W.3d 382, 395 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Lape v. State, 893 S.W.2d 949, 953 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d).

                                                                  A.  Pre-Trial

Kindle first complains that the trial court overruled his
motion to dismiss his attorney.  Kindle
filed the motion because his attorney was not communicating with him and had
not involved him in trial preparation. 
However, A[a] defendant cannot be deprived of the effective assistance
of counsel by actions of the trial court unless those actions prevented counsel
from doing something he had the legal right to do.@ 
Jackson v. State, 992 S.W.2d 469, 476 (Tex. Crim.
App. 1999).  Thus, Kindle=s motion to dismiss does not
demonstrate ineffective assistance of counsel.








Second, Kindle complains that his attorney failed to file
pre-trial discovery motions.  As a
result, his attorney was surprised when the State called a witness who was not
named on the State=s witness list.  The
witness testified about Kindle=s prior assault on a family member.  Kindle claims if his attorney had filed a
discovery motion, the State could not have called the undisclosed witness.   However, A[f]ailure
to file pre‑trial motions, in itself, does not result in ineffective
assistance of counsel.@  Huynh v. State,
833 S.W.2d 636, 638 (Tex. App.CHouston [14th Dist.] 1992, no pet.).  Additionally, without evidence in the record
suggesting otherwise, failure to file pre-trial discovery motions could be a
part of trial strategy.  See Hammond
v. State, 942 S.W.2d 703, 709-10 (Tex. App.CHouston [14th Dist.] 1997, no
pet.).  Finally, even if the failure to
file a discovery motion was deficient conduct, Kindle has failed to meet the
second prong of Strickland: but for the error, the result of trial would
have been different.  See Strickland,
466 U.S. at 688.

                                                                B.  Indictments

Kindle next complains that his attorney was not familiar with
and did not understand the indictment, and thus lacked comprehension of the
circumstances surrounding the charges. 
For example, he contends that his attorney first objected to the faulty
indictment[1]
after the jury was seated.  The trial
court allowed the State to amend the indictment, over counsel=s objections.  Later, the State abandoned a portion of the
indictment.  During the exchange before
the trial court when the State abandoned this portion, Kindle=s attorney said that he was
confused.  However, there is no record
evidence that these incidents reflect a lack of comprehension about the charges
against Kindle.  See Tong, 25
S.W.3d at 714.  Kindle has failed to
prove that these incidents constituted ineffective assistance of counsel.

C.  Objections

Kindle next complains that his attorney should have objected
at thirty-six different times to hearsay, nonresponsive
answers, extraneous offense evidence, leading questions, speculation, or
narrative during the State=s examination of an investigating officer, the victim, and
Kindle=s nephew.  Additionally, he complains that his attorney
once objected to exhibits for which no objection was proper and that he
objected once to lack of personal knowledge when the correct objections were
inadmissible character evidence and more prejudicial than probative.








We have reviewed the testimony to which Kindle claims his
attorney should have objected.  Much of
the testimony was admissible; many of the questions were not leading;  and the testimony as a whole was verified by
the other witnesses in their description of the assault.  An attorney=s Afailure to object to admissible
testimony does not constitute ineffective assistance.@ 
Cooper v. State, 707 S.W.2d 686, 689 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d). 
Further, A[i]n regard to making objections,
advocates must be free to choose not to make them even if they have a legal
basis for doing so. . . . [J]urors often see lawyers
who make [objections] as >trying to keep the real truth from them.=@ McKinny
v. State, 2002 WL 226731 at *7 (Tex. App.CHouston [1st Dist.] Feb. 14, 2002, no
pet. h.).  Thus, even if objections are
valid, to prove ineffective assistance of counsel, there must be evidence
explaining why counsel did not object.  See
id.  Where the record is silent, as
here, we must assume a strategic motivation. 
See id.  

Lastly, we address the two objections that Kindle argues were
erroneously lodged.  First, Kindle=s attorney objected to photographs
because the witness through whom they were offered in evidence was not the
person who took them.  On appeal, Kindle
states that the attorney should not have objected to the photographs.  Second, Kindle=s attorney objected to a police
officer=s lack of personal knowledge about
Kindle=s prior conviction for family
violence.  On appeal, Kindle argues that
his attorney should have objected instead to the prior conviction as (1)
inadmissible character evidence and (2) more prejudicial than probative.  Even if we assume that Kindle lodged
incorrect objections as the result of deficient representation, there is no
showing that the outcome of the trial would have been different but for the
wrong objections.  See Strickland,
466 U.S. at 688.

Accordingly, we overrule Kindle=s sole issue and affirm the judgment
of the trial court.

 

/s/        Charles W. Seymore

Justice

 








Judgment rendered
and Opinion filed June 27, 2002.

Panel consists of
Justices Yates, Seymore and Guzman.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]           The
indictment was faulty because it listed Harris County as the defendant.