Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00636-CR

NO.
14-02-00637-CR

____________

 

WILSON CAICEDO MORENO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 405th District Court

Galveston County, Texas

Trial
Court Cause Nos. 00CR1950 & 00CR1951

 



 

M
E M O R A N D U M   O P I N I O N

The
jury convicted appellant, Wilson Caicedo Moreno, of
two counts of aggravated robbery.  In one
point of error, appellant contends he received ineffective assistance of
counsel.  We affirm.

Background








The
complainants, Pong Yuen and Nancy Bailey, testified that they closed the Szechuan Garden restaurant in Kemah at approximately 11:00
p.m.  As they were walking to their cars,
they were followed by two men who pointed guns at them and robbed them.  The men took Bailey=s
purse and cellular telephone, and took a white plastic bag and keys from
Yuen.  The plastic bag contained two
steaks, a jar of peanut butter, garlic bread, a banana, and a Chinese
videotape.  The robbers left the scene
with a woman in a white Nissan Maxima. 
After the men left, Yuen dialed 911 on his cellular telephone and Bailey
described the men and the car to the 911 dispatcher.

Carl
Stoddard, a League City police officer, testified that he heard the dispatch
and attempted to stop a car meeting the description.  When he turned on his emergency lights, the
car did not immediately stop. Stoddard chased the car for some distance before
it finally stopped.  After the car
stopped, two men jumped out and ran toward a wooded area.  Several police departments including a
Houston helicopter unit and a Webster K-9 unit were dispatched to help catch
the men.  Stoddard identified appellant
as one of the men who had run into the woods.

The
men were eventually arrested and their car was impounded.  Officer William Macdonald searched the car
and recovered three dark jackets, a plastic bag containing two pieces of meat,
a Glock pistol, a red stocking cap,
keys to a Lexus vehicle, Bailey=s
purse, rubber gloves, and a videotape with Asian writing on it. 

The
jury found appellant guilty and assessed punishment at twenty-five years=
confinement in each case.  Appellant
filed a motion for new trial, but later withdrew the motion.

Ineffective
Assistance of Counsel

In
a single point of error, appellant asserts his trial counsel was ineffective
for (1) failing to object to the complainants=
identifications, (2) failing to ensure that the 911 tape was preserved, and (3)
failing to obtain a pretrial ruling on the admissibility of appellant=s
prior conviction.








We
review a claim of ineffective assistance of counsel using the standard set
forth in Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To show trial counsel was ineffective,
appellant must demonstrate: (1) trial counsel=s performance was deficient because it fell below an objective
standard of reasonableness; and (2) a probability sufficient to undermine
confidence in the outcome existed that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different. Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).

Appellate
review of defense counsel=s representation is highly deferential and presumes that
counsel=s
actions fell within the wide range of reasonable and professional assistance.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001).  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel=s
conduct was reasonable and professional. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).  Rarely will the trial
record contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation.  Thompson, 9 S.W.3d at 813-14.

Suppression
of complainants= identifications








Appellant
first contends trial counsel failed to seek to suppress the complainants=
identifications of appellant.  Appellant
contends his counsel should have sought a pretrial ruling suppressing the complainants= identifications.  The
failure to file a pretrial motion does not constitute ineffective assistance of
counsel.  Huynh v. State, 833 S.W.2d
636, 638 (Tex. App.CHouston [14th Dist.]
1992, no pet.).  A review of the record
reveals appellant=s counsel attempted to discredit the complainants=
descriptions by extensively cross-examining each complainant about his or her
identification of appellant.  Appellant
introduced videotapes of the complainants=
statements taken at the police station and attempted to discredit their
in-court testimony with inconsistencies in the videotape.  Further, in her closing argument, trial
counsel emphasized the unreliability of eyewitness testimony and suggested the
complainants were confused because they had been robbed once before and were
describing the previous robbers. 
Finally, appellant has failed to show that a pretrial attempt to exclude
the complainants= identifications would have been successful.

Preservation
of 911 call

Appellant
next contends his trial counsel was ineffective in that she failed to act to
preserve the 911 call.  After the State
rested, trial counsel informed the trial judge that she was unable to determine
which agency received the 911 call and would have preserved it. Appellant
contends the complainants= descriptions of the robbers were suspect because the
complainants had been robbed before and the descriptions of the robbers in that
case were similar to those in this case. 
Appellant speculates that counsel=s failure to preserve the 911 call Aresulted
in the loss of what could have been powerful exculpatory evidence for the
defense.@  However, appellant fails to show what
evidence could have been presented through the 911 call that was not presented
at trial.  Officer Stoddard testified
that the dispatch described a white Nissan Maxima being driven by three people.  This description is consistent with the complainants= testimony at trial. 
Further, trial counsel introduced videotaped statements of the
complainants taken at the police station following the robbery in an attempt to
discredit the complainants=
identification testimony.  Therefore,
appellant fails to show how preservation of the 911 call would have affected
the outcome of his trial.

Pretrial
motion to allow appellant to testify free from impeachment








Finally,
appellant contends trial counsel was ineffective in failing to seek a ruling
that appellant=s prior conviction could not be used to impeach him if he
testified at the guilt-innocence stage of trial.  Appellant testified during the punishment
phase of trial and stated that he wanted to testify at the guilt-innocence
phase, but chose not to testify because his prior conviction would have been
used against him.  Appellant contends his
trial counsel was ineffective because she failed to request, pursuant to Theus v. State, 845 S.W.2d
874 (Tex. Crim. App. 1992), that appellant be allowed
to testify free from impeachment by prior convictions.

The
record shows that appellant had been previously convicted of carrying a weapon
in a place of business with a liquor license. 
A trial court has wide discretion in determining whether to admit a
prior conviction for impeachment purposes, and its decision will be reversed
only upon a clear abuse of discretion. Id. at 881.  The five factors to be used in balancing the
probative value of a prior conviction against its prejudicial effect are:  (1) the impeachment value of the prior crime;
(2) the temporal proximity of the past crime to the charged offense and the
witness=s
subsequent history; (3) the similarity between the prior offense and the
charged offense; (4) the importance of the defendant=s
testimony; and (5) the importance of the defendant=s
credibility.

With
regard to the impeachment value of the prior conviction, crimes involving
deception have a higher probative value than those involving violence, and
violent crimes have a higher potential for prejudice.  Id. 
Appellant=s prior conviction falls between these two extremes because it
was neither violent, nor deceptive.  The
temporal proximity factor favors admission if a prior conviction is recent, and
the witness has demonstrated a propensity for running afoul of the law.  Id.; Jackson v. State, 11 S.W.3d
336, 340 (Tex. App.CHouston [1st Dist.]
1999, pet. ref=d).  Appellant=s
prior conviction occurred on January 27, 1999, less than two years before the
aggravated robbery.  Because appellant
was convicted of carrying a weapon and less than two years later was accused of
using a weapon in an aggravated robbery, this factor favors admission.  See Theus, 845 S.W.2d at
881.  (five
years held recent enough to favor admission under temporal proximity
factor).  Similarity between the past
crime and charged crime increases the likelihood that a jury might convict
based on a perceived pattern of past conduct, rather than on the facts of the
charged offense. Id.  In this
case, the aggravated robbery charge is distinct from the weapon possession
charge, but similar in that a weapon is involved in each offense.  On balance, this factor does not weigh
strongly for or against admission.








The
last two factors, importance of the defendant=s testimony and credibility, are related because both depend on
the nature of the defendant=s defense and the means available to him of proving that
defense.  Id; Dale v. State, 90 S.W.3d
826, 831 (Tex. App.CSan Antonio 2002,
pet. ref=d).
 In a case such as this, where only
the State=s witnesses and defendant=s potential testimony is involved, the importance of the
defendant=s credibility increases, and with it, the State=s
need to impeach him.  Theus, 845 S.W.2d at 881.  Here, appellant=s defense was that the State had not proved beyond a reasonable
doubt that he was one of the people who robbed the complainants.  The only evidence presented by appellant on
his behalf was the videotape of the complainants=
statements at the police station.  In
this instance, appellant=s reliability and the need to impeach him were important;
therefore, the probative value of the prior convictions was higher than if
appellant had presented other witnesses in his defense.  Accordingly, the last two criteria favor
admission.

Because
the issue of the admissibility of appellant=s prior conviction is so close, we cannot say that any trial
judge, if presented with the appropriate motion, would have been obliged to
grant the motion.  When an ineffective
assistance claim alleges that counsel was deficient in failing to file a
pretrial motion, the defendant must show, as part of his claim, that the motion
would have been granted.  See Ortiz v.
State, 93 S.W.3d
79, 93 (Tex. Crim. App. 2002).  Because reasonably effective trial counsel
could not have been expected to know whether the trial court would have granted
her motion, we cannot, in hindsight, find that the failure to file such a
motion constituted ineffective assistance.

Conclusion








Here,
the record is silent as to the reasons for counsel=s
actions.  While appellant points to three
instances where he contends trial counsel was ineffective, he presents no
evidence to rebut the presumption that trial counsel=s
actions were the result of a reasonable strategic decision.  In assessing appellant=s
claims, we  presume
counsel=s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Appellant has the burden to rebut this
presumption by presenting evidence that shows why trial counsel did what he
did.  See id.  The record in this case contains no evidence
of the reasoning and strategy underlying appellant=s
trial counsel=s actions.  From this
record, one could conclude there were legitimate and professionally sound
reasons for trial counsel=s conduct or one could speculate that there were not.  As an appellate court, we cannot engage in
such speculation.  See Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  Appellant has failed to demonstrate his trial
counsel was ineffective under the first prong of Strickland, and also
has failed to demonstrate that counsel=s errors, if any, prejudiced the defense.  Accordingly, we overrule his sole point of
error.

The
judgment of the trial court is affirmed.

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed May 29, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).