Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed and Memorandum Opinion filed March 6, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01104-CR

_______________

 

SYLVESTER EARL LOFTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1022750

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury convicted Sylvester Earl
Lofton of aggravated robbery with a deadly weapon and the trial court assessed
his punishment at 60 years confinement.  Appellant raises three issues
contending that: (1) the trial court erred by admitting county jail
disciplinary records because they were inadmissible under the Confrontation
Clause of the Sixth Amendment of the Untied States Constitution; (2) his trial
counsel was ineffective because he failed to object to the introduction of
appellant=s jail disciplinary records; and (3) his trial counsel was ineffective
because he failed to file a pretrial motion to suppress the witnesses= identification of appellant.   We
affirm. 








Background

At about 10:30 p.m. on March 12,
2005, Delia Rodriguez and her daughter, Azalea Flores, had just returned to their
apartment complex.  While Flores was retrieving packages from the car,
Rodriguez exited her car and began to walk to a nearby vehicle where her
friend, Rene Sanchez, was waiting for her.  Appellant passed within 15 feet of
Flores and looked straight at her, then approached Rodriguez from the rear. 
Rodriguez, sensing someone following her, turned to face appellant.  Appellant
pointed a gun at Rodriguez=s face and demanded her purse. 

Sanchez, observing the robbery as he
exited his vehicle, approached the scene of the robbery.  Appellant then
pointed the gun at Sanchez.  Appellant ran to a nearby SUV and fled the scene. 
Sanchez returned to his vehicle and followed appellant, writing down the SUV=s licence plate number.  After
appellant fired two shots at Sanchez=s vehicle as it followed the SUV,
Sanchez returned to Rodriguez=s apartment complex and gave the police the license plate
number.

In her initial report, Rodriguez
described appellant as a black male, about 19 to 20 years of age, 180 pounds,
and wearing a black cap that covered the top of his head but did not cover his
face.  An investigation of the license plate number determined that the vehicle
was registered to appellant=s grandmother and had been reported as stolen.  Rodriguez and
Flores could not definitively identify appellant in a photo spread, but claimed
they could positively identify him if they saw him in person.  Appellant was
placed in a lineup and both Rodriguez and Flores identified appellant in the
lineup and again at trial as the individual who had robbed Rodriguez at
gun-point.

Analysis

1.         Confrontation
Clause

In his first issue, appellant argues
that the trial court erred in admitting his county jail disciplinary records at
the punishment phase of the trial because this admission violated his Sixth
Amendment right to confront the witnesses against him.  








To preserve error
in admitting evidence, a party must make a timely objection and obtain a ruling
on that objection.  Tex. R. App. P. 33.1(a); Valle v. State, 109 S.W.3d
500, 509 (Tex. Crim. App. 2003).  Appellant=s counsel failed to object to the admission of his
disciplinary records at trial.  When the State offered the records into evidence,
appellant=s counsel stated that he had no objection to their
admission.  No complaint has been preserved 

for our review. 
Appellant=s first issue is overruled.

2.         Ineffective
Assistance of Counsel

In his second and third issues,
appellant contends he was denied effective assistance of counsel because his
trial counsel failed to (1) object to the admission of his jail disciplinary
records during the punishment phase of trial, and (2) file a pretrial motion to
suppress Rodriguez=s and Flores=s identification of appellant.

Standard of Review  

To prevail on an ineffective
assistance claim, appellant must show that (1) his trial counsel=s performance fell below an objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for the error, the result of the proceeding would have been different.  Wiggins
v. Smith, 539 U.S. 510, 521, 534 (2003); Garza v. State, 213 S.W.3d
338, 347-48 (Tex. Crim. App. 2007); Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999) (applying Strickland standard at punishment
phase of non‑capital trial).  Appellate review of trial counsel=s representation is highly deferential
and presumes that counsel=s actions fell within the wide range of reasonable and
professional assistance.  Garza, 213 S.W.3d at 348. 








If counsel=s reasons for his conduct do not
appear in the record and there is at least a possibility that the conduct could
have been grounded in legitimate trial strategy, we will defer to counsel=s decisions and deny relief on an
ineffective assistance claim on direct appeal.  Id.  To warrant reversal
where trial counsel has not been afforded an opportunity to explain those
reasons, the challenged conduct must be so outrageous that no competent
attorney would have engaged in it.  Roberts v. State, 220 S.W.3d 521,
533‑34 (Tex. Crim. App. 2007), cert. denied, 128 S. Ct. 282
(2007). 

Failure to Object to Admission of
Jail Disciplinary Records at Punishment Phase

In his second issue, appellant argues
that he was denied effective assistance of counsel because his trial counsel
failed to object to the admission of his jail disciplinary records during the
punishment phase of trial.

Appellant did not file a motion for new
trial, and there is nothing in the record to indicate trial counsel=s reasons for not objecting to the
admission of appellant=s jail disciplinary records.  Because appellant has not
developed a record of trial counsel=s reasons for his actions, appellant
has failed to rebut the presumption of sound trial strategy.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Appellant also makes no
attempt to show or explain how there is a reasonable probability that, but for
counsel=s allegedly deficient conduct, the
result of the proceeding would have been different, i.e. the assessment
of punishment would have been less severe.  Milburn v. State, 15 S.W.3d
267, 270 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); see also Ex parte Gonzalez,
204 S.W.3d 391, 393-94 (Tex. Crim. App. 2006).

Additionally, the trial court stated
the following reasons for sentencing appellant: 

Most disturbing to the Court, of course, is the nature
of these allegations and the crime for which you=ve now been found guilty.  This aggravated robbery is particularly
violent.   . . .  [A] gun was pointed at least at two people, maybe three. 
And, of course, there=s the whole issue of the firing the shots, another
aggravated assault.  But then you make bond on this very serious offense and
you pick up two new charges.  So, it is instructive, I think, that on a very
serious aggravated assault in juvenile court you were sent to T.Y.C. with the
hope that you would get the kind of help that you needed and redirect your
life.  And that didn=t happen.  . . .  That tells me a lot about where you
are.  And it=s not just trespasses or small drug cases, you know,
like a possession of marijuana that you=re
picking up.  You=re picking up felonies.

 








The trial court never mentioned
appellant=s jail disciplinary records as one of the considerations for assessing
appellant=s punishment at 60 years confinement.  In light of the record before us,
including evidence of five prior convictions, it is unlikely that the
disciplinary records significantly increased appellant=s sentence.  We overrule appellant=s second issue.

Pretrial Motion to Suppress
Identification

In his third issue, appellant asserts
that he was denied effective assistance of counsel because his trial counsel
failed to file a pretrial motion to suppress Rodriguez=s and Flores=s pretrial identification of
appellant.

Again, the record is undeveloped and
does not reflect trial counsel=s motives for not filing a pretrial motion to suppress
appellant=s identification.  Additionally, a trial counsel=s failure to file a motion to
suppress is not per se ineffective assistance of counsel. Hollis v. State,
219 S.W.3d 446, 456 (Tex. App.CAustin 2007, no pet.); Huynh v. State, 833 S.W.2d 636,
638 (Tex. App.CHouston [14th Dist.] 1992, no pet.).  To prevail on an ineffective
assistance claim premised on counsel=s failure to file a motion to
suppress,  appellant must show by a preponderance of the evidence that the
motion to suppress would have been granted.  Jackson v. State, 973
S.W.2d 954, 956‑57 (Tex. Crim. App. 1998).  








However, the record does not reflect
that the pretrial identification was impermissibly suggestive to warrant
suppression; nor does appellant make any attempt to show that a pretrial
attempt to exclude Rodriguez=s and Flores=s identification would have been successful.  Finally, a
review of the record reveals that trial counsel attempted to discredit the
witnesses= identification of appellant by cross-examining Rodriguez and Flores
extensively.  Trial counsel emphasized that neither Rodriguez nor Flores was
able to identify appellant in a photo spread and only later identified him in a
lineup.  Trial counsel also elicited that appellant was the only man who had 
been placed in both the photo spread and the lineup.  In his closing argument,
trial counsel tried to discredit witnesses by pointing to inconsistencies in
their respective testimony and tried again to emphasize Rodriguez=s and Flores=s inability to identify appellant
after viewing a photo spread shortly after the robbery when their memory Ashould have been sharp and crisp.@  Trial counsel pointed out that the
witnesses could  identify appellant only after they saw him in the lineup, and
that appellant had been the only man who had both been placed in the photo
spread and in the lineup.

Appellant=s claim of ineffective assistance of
counsel cannot be sustained on this record.  Accordingly, appellant=s third issue is overruled and the
judgment of the trial court is affirmed.

 

 

 

/s/        William
J. Boyce

Justice

 

Judgment rendered and Memorandum Opinion filed March 6, 2008.

Panel consists of Chief Justice Hedges, Justices Anderson,
and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).