**Affirmed and Memorandum Opinion filed August 2, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00258-CR

---

## TOMMIE RAY LIMBRICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1389665**

---

### M E M O R A N D U M   O P I N I O N

Appellant, Tommie Ray Limbrick, appeals his conviction for aggravated sexual assault of a child younger than fourteen years of age, contending (1) he received ineffective assistance of counsel, and (2) that his sentence of ten years' imprisonment constitutes cruel and unusual punishment. We affirm.

# I.    BACKGROUND

Appellant was charged with aggravated assault of a child under fourteen years of age. Appellant pled guilty to the offense and the case was set for a sentencing hearing on February 16, 2015. Following the hearing, appellant was sentenced to ten years' confinement.

# II.    INEFFECTIVE ASSISTANCE OF COUNSEL

In appellant's first issue, he contends trial counsel provided ineffective assistance of counsel by (1) failing to file a sworn motion for probation; and (2) failing to object to the ten year sentence as cruel and unusual punishment in violation of the eighth amendment.

To prevail on an ineffective-assistance claim, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). We apply the same two-prong *Strickland* standard of review for ineffective assistance of counsel claims in both the guilt/innocence phase of trial and the punishment phase of trial. *Hernandez v. State*, 988 S.W.2d 770, 772–74 (Tex. Crim. App. 1999).

To establish the first prong, the appellant must prove by a preponderance of the evidence that counsel's representation fell below the objective standard of prevailing professional norms. *Hernandez*, 726 S.W.2d at 78.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

2

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 79.

Ineffective assistance of counsel prejudices a criminal defendant if there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012).

### 1. Sworn Motion for Probation

Appellant contends he received ineffective assistance of counsel because his trial counsel failed to file a sworn motion for probation. Appellant recognizes that he was not eligible for probation from either a jury or the court given that he was charged with aggravated sexual assault of a child under fourteen years of age. *See* Tex. Code Crim. Proc. art. 42.12 § 3g (a)(1)(E). However, he argues the court could have deferred a finding of guilt and placed him on deferred adjudication, *see id.* § 5(a), had trial counsel filed a motion requesting it. Appellant's argument is without merit.

According to Texas Code of Criminal Procedure article 42.12 section (4)(d)(3) and (e), a defendant must file a written sworn application for community supervision before *a jury* may consider him or her for community supervision. *See id.* § 4 (d)(3), (e) (requiring written and sworn motion for "jury recommended community supervision"). However, where the judge is asked to assess punishment after a plea of guilty and the defendant seeks community supervision, as here, a written sworn motion is not required. *See id.* § 3 (lacking reference to motion for "judge ordered community supervision"); *id.* § 5 (lacking reference to motion for "deferred adjudication; community supervision").

3

In the instant case, punishment was not assessed by a jury, but by the trial court. Thus, no sworn motion was required and trial counsel's failure to file one does not constitute ineffective assistance. *See George v. State*, 03-05-00415-CR, 2007 WL 1451995, at *4 (Tex. App.—Austin May 16, 2007, no pet.) (mem. op., not designated for publication) (holding "[a]n application for probation is only required when punishment is assessed by a jury" and therefore "[c]ounsel's performance cannot be considered deficient based on his failure to file an unnecessary motion."); *see also Huynh v. State*, 833 S.W.2d 636, 638 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (holding same); *Washington v. State*, 01-13-00369-CR, 2014 WL 4658476, at *4 (Tex. App.—Houston [1st Dist.] Sept. 18, 2014, no pet.) (mem. op., not designated for publication) (holding same). We conclude that appellant has failed to satisfy the first prong of the test for ineffective assistance of counsel. *Hernandez*, 726 S.W.2d at 78.

## 2. Objection to Sentence

Appellant argues trial counsel's failure to object to appellant's sentence as cruel and unusual punishment constitutes ineffective assistance of counsel. "To establish ineffective assistance of counsel based on a failure to object, appellant must demonstrate that the trial court would have committed harmful error in overruling the objection if trial counsel had objected." *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Alexander v. State*, 282 S.W.3d 701, 705 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

The range of punishment for the crime to which appellant pled guilty was "a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice . . . ." *See* Tex. Pen. Code Ann. § 22.021; Tex. Pen. Code Ann. § 12.32. Appellant's sentence of

ten years' confinement lies within that range, and is therefore not cruel and unusual punishment. *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)(concluding that punishment within statutory range does not constitute cruel and unusual punishment). Thus appellant cannot demonstrate the trial court would have erred in overruling any objection to the ten-year sentence. "It is not ineffective assistance for counsel to forego making frivolous arguments and objections." *Id.* (citing *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd)). Accordingly, appellant has not satisfied the first *Strickland* prong.

Having found appellant failed to establish counsel's representation fell below the objective standard of reasonableness in either instance raised on appeal, we overrule appellant's first issue.

### III.    CRUEL AND UNUSUAL PUNISHMENT

In his second issue, appellant contends that his sentence of ten years' imprisonment constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Appellant did not raise this argument with the trial court, and thus has failed to preserve the issue for our review on appeal.[1] *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding defendant failed to preserve his cruel and unusual punishment claim by not raising it in the trial court); *see also Finister v. State*, 14-01-01154-CR, 2003 WL 1922588, at *2 (Tex. App.—Houston [14th Dist.] Apr. 24, 2003, pet. ref'd) (mem. op., not designated for publication) (defendant argued his plea-bargained sentence constituted cruel and unusual punishment, but failed to raise the argument with the trial court, thus failing to

---

[1] Appellant concedes he failed to make this objection at trial, but argues his plea-bargained sentence is fundamental error.

preserve the issue for review on appeal). Further, as noted above, appellant's sentence of ten years is within the applicable range of punishment and is therefore not cruel and unusual punishment. *See Jagaroo*, 180 S.W.3d at 800. Accordingly, appellant's second issue is overruled.

## IV.  CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/      John Donovan
         Justice


Panel consists of Justices Jamison, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).