**Tue Ngoc HOANG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–90–01017–CR, C14–90–01020–CR and C14–90–01023–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1992.

Morgan H. Johnson, Christopher M. Flood, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for unauthorized redemption of food stamps. Appellant was charged by indictment, waived a jury trial, and the case was tried to the court. The trial court found appellant guilty and sentenced him to ten years confinement in the Texas Department of Corrections.[1] We affirm.

In twelve points of error appellant complains: that the trial court erred by overruling his motion to quash the indictment; that he was denied his constitutional right to a trial by jury; and, that he had ineffective assistance of counsel.

Appellant, Tue Ngoc Hoang, was employed at ABC Grocery, a store owned by his son. ABC Grocery received authorization in 1987 to receive food stamps. At that time, a representative from the United States Department of Agriculture discussed several regulations that must be adhered to by both the owner and his employees. One of these regulations proscribed redeeming food stamp coupons for "cash only." Vinh Ngoc Hoang, the owner, acknowledged that he understood the regulations and that the employees would also be responsible for following them.

On April 25, 1989, Officer P.J. Chapman of the Houston Police Department Vice Squad initiated a sting operation involving unlawful redemption of food stamps. She obtained $350.00 in food stamps, entered ABC Grocery, and asked the appellant if he would give her cash for the food stamps. As she pulled out the food stamps, appellant put his finger to his mouth, said "Shhh" and directed her to the end of the counter. He then asked her if she was "good" and requested her driver's license, upon which Officer Chapman had the alias of Delores Henderson. Appellant then took her picture, had her sign two notebooks, and placed her picture inside one of the notebooks. After making some calculations he gave her $240.50 in exchange for the food stamps. The appellant then signed a piece of cardboard, numbered it

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

"168," had the officer sign it, and told her it would be her "identifying card" for the next time she wanted to sell food stamps.

Officer Chapman made a second visit to the store on September 28, 1989. After appellant had helped some other customers, Officer Chapman presented the "identification card" to him, and asked if he would give her cash for the food stamps. The appellant examined her picture in one of his notebooks and disputed that she was the same person as in the picture. She convinced him that it was her picture but he took another picture of her for his book. He then bought $345.00 worth of food stamps for $264.00. After requesting that she buy something, the officer made a small purchase with money other than that received from appellant.

A third sale of food stamps took place on April 2, 1990, in which appellant paid $255.00 cash for $345.00 worth of food stamps. He again requested that the officer purchase something and she spent about $2.00. After Officer Chapman left the store on this third visit, other officers entered the store and arrested appellant.

■ In his first three points of error appellant asserts that the trial court erred by overruling his motion to quash the indictment. He contends the statute allegedly violated is vague, lacks intelligible wording, and therefore, fails to properly state an offense which would enable the defendant to plead the judgment to avoid subsequent prosecution for the same offense. The indictment charged appellant with knowingly redeeming food stamps for cash money, a purpose not authorized by law. Thus, the indictment does inform the appellant of the offense with which he is charged, namely, redeeming food stamps for cash. Further, it defines the "purpose not authorized by law" as "knowingly redeem[ing] food stamps ... for cash money only." The indictment used intelligible wording such that an ordinary person would know the nature of the offense alleged. Appellant argues, however, that vagueness in the phrase "for purposes not authorized by law" encourages arbitrary

enforcement. Tex.Hum.Res.Code Ann. § 33.011(b) (Vernon 1990) provides in part:

A person commits an offense if the person knowingly possesses food stamp coupons or authorizations to participate in the food stamp program when not authorized by law to possess them, knowingly redeems food stamp coupons when not authorized by law to redeem them, and *knowingly redeems food stamp coupons for purposes not authorized by law.* (emphasis added)

■ We must first presume a statute to be constitutional absent proof by the complaining party of its unconstitutionality. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978). As no First Amendment rights are involved, we need only examine the statute for vagueness as applied to appellant's conduct. *See Bynum v. State,* 767 S.W.2d 769, 773–74 (Tex. Crim.App.1989). The test for vagueness is also less stringent in regards to business regulations, as businesses "can be expected to consult relevant legislation." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 496, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). In this case, Vinh Ngoc Hoang's signature on his application for authorization to redeem food stamps certified that he had read and understood Part 278, "Participation of Retail Food Stores, Wholesale Food Concerns, and Banks," 7 C.F.R. which provides that "[c]oupons may not be accepted for cash, except when cash is returned as change in a transaction in which coupons were accepted in payment for eligible food under paragraph (d) of this section...." 7 C.F.R. § 278.2 (1989). We find that the statute was not vague, and appellant's motion to quash was properly overruled. Points of error one through three are overruled.

■ In points of error four through six appellant contends that he was denied his right to a trial by jury under the United States and Texas Constitutions. In a motion for new trial appellant testified that he never understood that he was waiving his right to trial by jury and that the waiver was not explained to him in Vietnamese. In order to waive a jury trial in a case of

felony less than capital, the defendant must make the waiver in writing in open court, with the consent and approval of the court and the attorney for the State. TEX. CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977). An effective waiver has been found where a defendant signs a written waiver, and his counsel discusses the advantages and disadvantages of a jury trial and considers the waiver voluntary and knowing. *See Carr v. State*, 694 S.W.2d 123, 129 (Tex.App.–Houston [14th Dist.] 1985, pet. ref'd). In the present case, the record contains the following exchange:

THE COURT: Tue Ngoc Hoang, you have filed with the Court a waiver of trial by jury in a felony less than capital. Do you understand that the Constitution of the United States and of the State of Texas guarantees you the right of a trial by jury?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand what a jury trial is, sir? You have to answer him. You have to translate the answer as well.

THE DEFENDANT: Yes.

THE COURT: You want to waive or give up your right to trial by jury and have the Court hear the matter today?

THE DEFENDANT: Yes.

There is no indication from the record at trial that the waiver was not made knowingly and voluntarily. Additionally, appellant's trial counsel testified at the motion for new trial that he informed appellant of his right to a trial by jury and had discussed the "pros and cons" of a jury trial. We find that appellant was aware of his right to a jury trial and that he knowingly and voluntarily waived such right. Points of error four through six are overruled.

■ In the next six points of error appellant complains of ineffective assistance of counsel. Specifically, in points of error seven through nine, appellant asserts that his trial counsel failed to adequately inform appellant of his right to trial by jury. The appellant must show both that counsel's performance was deficient, and that this performance prejudiced him. *See, e.g., Strickland v. Washington*, 466 U.S. 668,

104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). As stated above, appellant's trial counsel testified that he had informed the defendant of a right to a jury trial. Appellant argues in his brief that during the hearing on the motion for new trial, the trial counsel admitted that he was not satisfied that the defendant understood what he said through the use of an interpreter. In reviewing the context in which the statement was made, however, the trial counsel was responding to a line of questioning regarding his conversation with appellant as to the range of punishment which could be imposed. There is no indication that appellant's trial counsel thought the appellant did not understand that he had a right to a jury trial. Therefore, the record is sufficient to support a finding that the defense counsel at trial adequately informed appellant of his right to a trial by jury and was not deficient. Points of error seven through nine are overruled.

■ In points of error ten through twelve, appellant contends that counsel was ineffective because favorable witnesses were not called at the punishment phase of trial. The appropriate test to apply for representation during the punishment stage is whether counsel rendered reasonably effective assistance. *See, e.g., Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim.App.1980); *Kizzee v. State*, 788 S.W.2d 413 (Tex.App.–Houston [1st Dist.] 1990, pet. ref'd). Additionally, counsel is not ineffective for failing to call witnesses absent a showing that they were available or that defendant would have been aided by the witness' testimony. *Kizzee*, 788 S.W.2d at 416–17. Further, a court will not use hindsight to review a tactical decision made by the trial counsel unless it falls below the objective standard of reasonableness. *Solis v. State*, 792 S.W.2d 95, 100 (Tex.Crim.App.1990).

At the motion for new trial hearing, appellate counsel argued that four witnesses, who were family and friends of the appellant, would have testified that appellant was peaceful and law-abiding. Appellant's trial counsel testified that there was no

doubt as to the defendant's good character, and that because defendant had a clean background he believed the court would grant probation. Trial counsel also testified that he had previously handled cases identical to this one which led him to his decision not to call any witnesses. Trial counsel gave plausible reasons for not calling appellant's friend and family as character witnesses. Furthermore, the record contains no *evidence* that their testimony would have been favorable or produced a different result. We find appellant's trial counsel was not ineffective by failing to call witnesses on appellant's behalf during the punishment stage. The last three points of error are overruled.

We affirm the decision of the trial court.