In The

Court of Appeals

For The

First District of Texas

_______________


NO. 01-01-00949-CR

____________


LYNNIE RAY CHATMAN, Appellant


V.


THE STATE OF TEXAS, Appellee





On Appeal from the 253rd District Court

Chambers County, Texas

Trial Court Cause No. 11,365





O P I N I O N

 A jury found appellant guilty of unlawful possession of a firearm by a felon. 
The trial court sentenced appellant to eight years in prison. We affirm.



Ineffective Assistance of Counsel

 In two points of error, appellant contends that he received ineffective assistance
of counsel when his attorney (1) failed to issue subpoenas for material witnesses and
(2) failed to object when the trial court excused a juror as disabled.

 The standard of review for evaluating claims of ineffective assistance of
counsel is the same under both the United States Constitution and the Texas
Constitution. Appellant must show that (1) counsel's performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment, and
(2) but for counsel's error, the result of the proceedings would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 It is the defendant's burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93.



Failure to Issue Subpoenas for Witnesses

 In his first point of error, appellant contends that his trial counsel was
ineffective because he failed to issue subpoenas for two material witnesses: 
appellant's mother and sister. These family members, who live in Louisiana, did not
show up at trial. Counsel told the trial court that he did not issue subpoenas because
the mother and sister had previously told him that they would appear voluntarily.

 Appellant did not file a motion for new trial; therefore, there is nothing in the
record to demonstrate what these witnesses would have said or how they were
material. Trial counsel is not ineffective for failing to call witnesses on the
defendant's behalf when, as here, there is no evidence that the testimony would have
been favorable or would have produced a different result. See Hoang v. State, 825
S.W.2d 729, 732-33 (Tex. App.--Houston [14th Dist.] 1992, writ ref'd) (holding that
counsel not ineffective for failing to call witnesses who were defendant's family and
friends).

 Point of error one is overruled. 

Disabled Juror

 In his second point of error, appellant contends that he received ineffective
assistance of counsel when his attorney allowed a juror to be excused as disabled.
After the State presented its witnesses, juror Richard informed the trial court that he
may be a potential witness in this case. The trial court excused Richard from the jury
after determining that he was disqualified to sit as a juror based on the disability
statute. The State and the defense agreed. The trial court stated:

 Although this is a fairly minor point in this particular case, potentially
Mr. Richard could be witness and therefore is disqualified to sit as a
juror. Now I see this as a disability, gentlemen, that - and the remedy
would be to excuse him from the jury based on the disability statute and
we can proceed with 11 people. . . . Now I probably would go ahead and
grant a mistrial if - if he were called as a witness. 

 A disability is not limited to physical disease, but also includes "any condition
that inhibits a juror from fully and fairly performing the functions of a juror," which 
may result from physical illness, mental condition, or emotional state. Reyes v. State,
30 S.W.3d 409, 411 (Tex. Crim. App. 2000). A juror's bias or prejudice for or
against a defendant does not render a juror "disabled." Id. at 412. 

 Trial counsel did not object when the trial court excused juror Richard as
disabled. To the contrary, counsel agreed to the dismissal. Because juror Richard
was a potential witness in this case, counsel may have had a sound trial strategy for
the juror's dismissal. Without a motion for new trial, appellant has not demonstrated
in the record that counsel rendered ineffective assistance. 




Conclusion

 We affirm the judgment of the trial court.



 Adele Hedges

 Justice


Panel consists of Justices Hedges, Nuchia, and Price. (1) 

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.