NUMBER 13-03-070-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
CARLOS MARTINEZ,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 351st District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          Without an agreed punishment recommendation, appellant, Carlos Martinez, pled
guilty on September 4, 2002 to the felony offense of possession of a controlled substance.


 
The trial court found appellant guilty, sentenced him to sixty-two years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice, and imposed a fine of
$250,000. In his pro se brief, appellant contends he was denied effective assistance of
counsel because: (1) his counsel’s failure to obtain the services of an interpreter during
the four resets prior to entering his plea and counsel’s failure to obtain rulings on two pre-trial motions (discovery and suppression) rendered his plea involuntary; and (2) at the
punishment phase, his counsel failed to present any witnesses or evidence to mitigate
punishment and failed to request a sentence on the lower end of the punishment range. 
We affirm. 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that this case is not a plea-bargain
case and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2).
Anders Brief
          Appellant’s attorney has filed a brief with this Court asserting there is no basis for
appeal. See Anders v. California, 386 U.S. 738 (1967). According to the brief, counsel
has reviewed the clerk’s record and reporter’s record and has concluded that appellant’s
appeal is frivolous and without merit. See id. The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable grounds for
advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court’s judgment. In the brief, appellant’s counsel states that she has informed
appellant of his right to review the appellate record and to file a pro se brief. See Sowels
v. State, 45 S.W.3d 690, 693 (Tex. App.–Waco 2001, no pet.). Appellant filed a pro se
brief.
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.). We have carefully reviewed the appellate record and
counsel’s brief. We agree with appellant’s counsel that the appeal is wholly frivolous and
without merit. We now address appellant’s pro se brief. 
Pro Se Brief 
          In his first issue, appellant contends he was denied effective assistance of counsel
and his plea was therefore rendered involuntary because his counsel failed to request the
services of a Spanish-speaking interpreter to assist in explaining the nature of the
proceedings against appellant. Appellant also complains that his counsel failed to obtain
rulings on two pre-trial motions, a motion to suppress evidence and a motion for discovery. 
          Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel’s performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel’s deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. at 813. An appellate court
looks to the totality of the representation and the particular circumstances of the case in
evaluating counsel’s effectiveness. Id.
          The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. There is a strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance. Id. To defeat the
presumption of reasonable professional assistance, “any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          Because appellant pled guilty to the offense, he waived the right to appeal any
nonjurisdictional defects, other than the voluntariness of his plea, that occurred before
entry of the plea, so long as the judgment of guilt was rendered independently of, and is
not supported by, the alleged error. See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim.
App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our
independent review of the record is limited to potential jurisdictional defects, the
voluntariness of appellant's plea, potential error occurring before appellant's plea that
resulted in or supports the judgment of guilt, and potential error occurring after the guilty
plea. See Young, 8 S.W.3d at 666-67.
          In his first subissue, appellant contends his counsel’s failure to obtain the services
of a Spanish-language interpreter to assist in explaining the proceedings to him rendered
his plea involuntary. We have jurisdiction to address this issue because it calls into
question the voluntariness of appellant’s plea and because it involves potential error
occurring before entry of the plea of which the judgment would be dependent on to be
affirmed. See id. 
          Here, appellant entered a plea of guilty, and the trial court withheld a finding of guilt
until a later date, following a presentence investigation hearing. The record contains
appellant’s written admonishments and waivers, including waiver of the right to have a
court reporter record his plea. 
          When the record shows that the trial court gave an admonishment, there is a prima
facie showing of a knowing and voluntary plea of guilty. Ex parte Gibauitch, 688 S.W.2d
868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d 227, 235 (Tex. App.–Corpus
Christi 2001, no pet.). The burden then shifts to the defendant to show that he pleaded
guilty without understanding the consequences of his plea and, consequently, suffered
harm. See Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon Supp. 2004); Dorsey, 55
S.W.3d at 235. In reviewing the voluntariness of a defendant’s guilty plea, we examine the
record as a whole. Dorsey, 55 S.W.3d at 235.
          Appellant was admonished in writing. See Tex. Code Crim. Proc. Ann. art. 26.13(d)
(Vernon Supp. 2004). The written admonitions are signed by appellant and appellant’s
attorney and state that appellant understands the admonitions and the consequences of
his plea. See id. The admonitions also state that the admonitions, waivers, stipulations,
and judicial confession were “read to me and explained to me in [Spanish] by my attorney
and/or an interpreter, namely Alan Acosta, before I signed them, and I consulted fully with
my attorney before entering this plea.” Moreover, appellant does not allege that he did not
understand the nature and consequences of the proceedings against him due to counsel’s
failure to obtain the services of an interpreter. We hold that appellant has not met his
burden to show that he pleaded guilty without understanding the consequences of his plea
and consequently, suffered harm. See id. at art. 26.13(c). 
          Appellant also contends his counsel was ineffective for failing to obtain rulings on
his pretrial motions. Trial counsel may decide not to file pretrial motions as part of a trial
strategy; therefore, failure to file pretrial motions is not categorically deemed ineffective
assistance of counsel. Hammond v. State, 942 S.W.2d 703, 710 (Tex. App.–Houston
[14th Dist.] 1997, no pet.). Likewise, failure to obtain a ruling on pretrial motions is not
ineffective assistance of counsel. Wills v. State, 867 S.W.2d 852, 857 (Tex. App.–Houston
[14th Dist.] 1993, pet. ref'd). Moreover, unless an appellant shows that a pretrial motion
had merit “and that a ruling on the motion would have changed the outcome of the case,
counsel will not be ineffective for failing to assert the motion.” Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998) (citing Roberson v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993)).
          Here, the record is silent as to trial counsel’s strategy in not obtaining rulings on the
pretrial motions. Appellant has failed to demonstrate how obtaining rulings on his pretrial
motions would have changed anything in the case. We overrule appellant’s first issue.
          In his second issue, appellant contends he was denied effective assistance of
counsel at the punishment phase because his counsel failed to present any witnesses or
evidence and failed to request a sentence at the lower end of the punishment range. Trial
counsel is not ineffective for failing to call witnesses on a defendant's behalf when, as here,
there is no evidence that the testimony would have been favorable or would have produced
a different result. See Hoang v. State, 825 S.W.2d 729, 732-33 (Tex. App.–Houston [14th
Dist.] 1992, writ ref'd). At the sentencing hearing, appellant’s counsel successfully argued
for the deletion of a pending criminal charge from New York from the presentence
investigation report. Appellant’s counsel also urged the trial court to consider probation for
appellant and informed the court that members of appellant’s family were available and
willing to assist appellant in complying with terms and conditions of probation. Counsel
argued that appellant’s role in the offense was minor and that his prior criminal history was
minimal. We conclude appellant has failed to establish ineffective assistance based on his
counsel’s failure to present evidence or request punishment at the lower end of the
punishment range. We overrule appellant’s second issue. 
          We have carefully reviewed appellant’s pro se brief. We find nothing in the record
that might arguably support this appeal. The trial court’s judgment is affirmed.
Motion to Withdraw
          Additionally, counsel has requested to withdraw from further representation of
appellant on this appeal. An appellate court may grant counsel's motion to withdraw filed
in connection with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford, 813 S.W.2d at 511. We grant counsel's motion to withdraw and
order her to notify appellant of the disposition of his appeal and of the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per
curiam).
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
27th day of August, 2004.