NUMBER 13-12-00788-CR

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI - EDINBURG

ERASMO EDUARDO MUÑOZ JR., Appellant,

 v.

THE STATE OF TEXAS, Appellee.

 On appeal from the 197th District Court
 of Cameron County, Texas.

 MEMORANDUM OPINION

 Before Justices Rodriguez, Garza, and Longoria
 Memorandum Opinion by Justice Rodriguez
 Appellant Erasmo Eduardo Muñoz Jr. challenges his convictions for the felony

offenses of aggravated assault with a deadly weapon (Count 1) and evading arrest or

detention with a motor vehicle (Count 2). See TEX. PENAL CODE ANN. §§ 22.02(a)(2);

38.04(b)(1)(b) (West, Westlaw through Ch. 46, 2015 R.S.). By four issues, which we
have reorganized and renumbered, Muñoz contends that: (1–2) his waiver of a jury trial

was ineffective and not voluntary; and the trial court erred in (3) failing to hold an

arraignment and (4) in denying his request for allocution before the trial court pronounced

his sentence. We affirm.

 I. BACKGROUND

 In a two-count indictment, Muñoz was charged with the felony offenses of

aggravated assault with a deadly weapon and evading arrest or detention with a motor

vehicle. Muñoz pleaded not guilty. After a bench trial, the trial court found Muñoz guilty

of both counts, but sentenced him to fifteen years in the Texas Department of Criminal

Justice-Institutional Division only as to Count 1. Muñoz received no sentence on Count

2. Muñoz filed a motion for new trial in which he argued that his jury-trial waiver was

involuntary. Muñoz filed his affidavit in support of his motion. Without a hearing, the

motion was overruled by operation of law. This appeal followed.

 II. WAIVER OF A JURY TRIAL

 By his first two issues, Muñoz challenges the effectiveness and the voluntariness

of his waiver of a jury trial.

A. Applicable Law

 United States and Texas law protect a criminal defendant’s absolute right to a jury

trial. U.S. CONST. amend. VI (“In all criminal prosecutions, the accused shall enjoy the

right to a speedy and public trial, by an impartial jury[.]”); TEX. CONST. art. 1, § 15 (“The

right of trial by jury shall remain inviolate.”); see TEX. CODE CRIM. PROC. ANN. art. 1.13

(West, Westlaw through Ch. 46, 2015 R.S.) (same). However, a defendant may waive

that right if certain waiver requirements are satisfied. See TEX. CODE CRIM. PROC. ANN.
 2
art. 1.13. But “[a]s a matter of federal constitutional law, the State must establish, on the

record, a defendant’s express, knowing, and intelligent waiver of jury trial.” Hobbs v.

State, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009) (citing Guillett v. State, 677 S.W.2d

46, 49 (Tex. Crim. App.1984) (en banc)); Samudio v. State, 648 S.W.2d 312, 314 (Tex.

Crim. App. 1983) (en banc)); see Patton v. United States, 281 U.S. 276, 312–13 (1930),

overruled in part on other grounds by Williams v. Florida, 399 U.S. 78 (1970) (explaining

that a defendant's waiver of the right to a jury trial must be knowing, voluntary, and

intelligent).

B. Required Formalities of Article 1.13

 By his first issue, Muñoz claims that the form of the written waiver was defective

and therefore ineffective to waive a jury trial. More specifically, Muñoz claims that his

written jury-trial waiver was void because “[t]he [t]rial [c]ourt characterized it as a waiver

of attorney” and that “the document itself is simply inadequate to waive a jury.”

 Article 1.13 of the code of criminal procedure sets out the required formalities of a

jury waiver in Texas. See TEX. CODE CRIM. PROC. ANN. art. 1.13. It provides that the

defendant “shall have the right, upon entering a plea, to waive the right of trial by jury,

conditioned, however, that . . . the waiver must be made in person by the defendant in

writing in open court with the consent and approval of the court, and the attorney

representing the state.” Id.; see also Johnson v. State, 72 S.W.3d 346, 347 (Tex. Crim.

App. 2002).

 In this case, the clerk’s record includes a document titled “Jury Waiver-Plea of Not

Guilty.” The waiver provides, in relevant part, the following:

 3
 COMES NOW Erasmo Muñoz Jr., the Defendant in the above entitled and
 numbered cause, a felony less than capital, in person and in writing in open
 Court, and with the consent and approval of the Court and with the written
 and signed consent and approval of the attorney representing the State,
 and prior to entering of a plea herein, waives the right of a trial by jury, both
 as to the issue of guilt or innocence and as to the punishment therefor,
 should [he] be convicted.

Appellant and his counsel indicated their approval by signing under this paragraph. The

State’s prosecuting attorney consented to and approved the waiver by signing the waiver

document. And the trial court also signed the document. However, Muñoz complains

that the trial court’s consent did not conform to article 1.13 because its signature appeared

under the following paragraph:

 The above waiver of attorney having been made by the defendant
 and approved by the attorney representing the State prior to the entering of
 a plea herein, is approved by the Court, and is ordered filed in the papers
 of the cause. The Court’s consent and approval of the waiver of trial by
 jury shall be entered of record in the Minutes of this Court.

(Emphasis added.) Muñoz argues that by signing under this paragraph, the trial court

consented to and approved only a waiver of counsel and not a waiver of trial by jury. We

disagree.

 Acknowledging what appears to be a typographical error in this paragraph, it is

clear from our review of the record that the trial court’s consent and approval was of

Muñoz’s waiver of trial by jury. Muñoz, his counsel, the prosecuting attorney, and the

trial court signed this waiver. All other references to waiver in the document are to waiver

of a jury trial.

 And during announcements at trial when the waiver document was discussed, the

trial court referred to “waiving a jury trial . . . [f]or a bench trial.” The docket sheet also

 4
contains a recital that Muñoz waived a jury trial. Finally, the judgment of the court set

out the following:

 Thereupon, both sides announced ready for trial, and the Defendant,
 Defendant’s attorney, and the State’s attorney agreed in open court and in
 writing to waive a jury in the trial of this cause and to submit it to the Court.
 The Court consented to the waiver of a jury herein. . . . [A]nd a trial by jury
 having been waived, the matter was submitted to the Court as to the law
 and facts and the evidence for the State and for the Defendant was duly
 heard and concluded.

See Egger v. State, 62 S.W.3d 221, 224 (Tex. App.—San Antonio 2001, no pet.) (“Absent

an affirmative showing to the contrary, a recitation in the trial court's judgment alone is

sufficient to show a valid jury waiver.”).

 We conclude that the trial court approved and gave its consent to Muñoz’s waiver

of a jury trial. The waiver document in this case satisfies the express dictates of article

1.31, specifically the challenged requirement that the “the waiver [of trial by jury] must be

made in person by the defendant in writing in open court with the consent and approval

of the court.” The waiver is not defective and ineffective or void in that regard. See TEX.

CODE CRIM. PROC. ANN. art. 1.13. We overrule Muñoz’s first issue.

C. Voluntariness of Waiver

 By his second issue, Muñoz contends that his written waiver is not sufficient to

“show a voluntary renunciation of . . . the right to a jury trial.” Muñoz identifies the

following reasons we should conclude his waiver was not voluntary: (1) “[t]he trial judge

characterized it as a waiver of attorney”; (2) “[t]he trial judge never asked the defendant

if the defendant signed it”; (3) “[t]he trial judge never asked the defendant if he signed the

document voluntarily”; and (4) “[t]he trial judge never even talked to the defendant about

the waiver before accepting it.” He also suggests that certain admonishments should
 5
have been given regarding this waiver. By his assertions on appeal, Muñoz appears to

be arguing that the trial court erred when it failed to determine whether his waiver of the

right to trial by jury was made knowingly, intelligently, and voluntarily. See Hobbs, 298

S.W.3d at 197.

 First, we have already concluded that Muñoz’s written waiver of a jury trial was not

defective: despite the typographical error, it satisfied the requirements of article 1.31.

See TEX. CODE CRIM. PROC. ANN. art. 1.13. And Muñoz was present in the courtroom

when the trial court discussed the waiver and confirmed that Muñoz had waived a jury

trial and that everything had been signed. Muñoz also testified before the bench during

the guilt phase as part of the defense’s case and as a sur-rebuttal witness.

 On appeal, Muñoz argues that he did not fully understand his right to a jury trial

and suggests that the trial court should have talked with him and asked specific questions

of him, including whether he signed the waiver and whether he signed it voluntarily. Yet

the statute does not require such an inquiry. See id. Muñoz also implies that the trial

court should have admonished him regarding his rights before accepting his waiver of a

jury trial. Again, the statute does not require admonishments. Moreover, Muñoz cites

no authority, and we find none, that requires such questioning or admonishments by the

trial court prior to accepting Muñoz’s written jury trial waiver. See Huynh v. State, 833

S.W.2d 636, 640 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (“We find no cases to

support the position that a trial judge has a duty to inquire of the defendant or his attorney

what specific legal advice concerning waiver of jury trial was given.”); see also Tiller v.

State, No. 08-12-00325-CR, 2014 WL 580245, at *4 (Tex. App.—El Paso Feb. 12, 2014,

no pet.) (mem. op., not designated for publication) (“We have found no cases supporting
 6
Appellant's argument that the trial court was required to admonish Appellant prior to

accepting his jury trial waiver.”).

 Instead, we conclude that, based on Muñoz’s written waiver and other portions of

the record discussed above, the record supports a conclusion that appellant knowingly

and voluntarily waived his right to a jury. See Hobbs, 298 S.W.3d at 197 (citing Guillett,

677 S.W.2d at 49); Smith v. State, 363 S.W.3d 761, 767 (Tex. App.—Austin 2012, pet.

ref'd). We do not have a silent record before us. See Samudio, 648 S.W.2d at 313–14.

And there is no indication in the record that appellant did not knowingly and voluntarily

waive his right to a jury trial. See Hoang v. State, 825 S.W.2d 729, 732 (Tex. App.—

Houston [14th Dist.] 1992, pet. ref'd). “Where a defendant voluntarily, knowingly, and

intelligently waives his right to be tried by a jury, and the trial court properly memorializes

its approval and consent of such waiver in compliance with article 1.13, every material

interest of the defendant is satisfied.” Shaffer v. State, 769 S.W.2d 943, 945 (Tex. Crim.

App. 1989) (en banc).

 Muñoz asks this Court to consider his motion for new trial and his attached affidavit

as part of our review of this second issue. However, Muñoz’s motion for new trial was

summarily denied without a hearing. And post-trial motions are not self-proving and any

allegation made in support of such motions by way of affidavit or otherwise must be

offered into evidence at a hearing. See Rouse v. State, 300 S.W.3d 754, 761–62 (Tex.

Crim. App. 2009) (holding that the appellate court erred in relying on trial counsel's

admissions in a post-conviction motion that the appellant's plea was involuntary where

the motion was not introduced into evidence at a hearing); Lamb v. State, 680 S.W.2d 11,

13 (Tex. Crim. App. 1984) (en banc) (“Motions for new trial are not self-proving. They
 7
must be supported by affidavits and the affidavits must be offered into evidence.”); see

also McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (en banc) (explaining

that an affidavit that is simply filed in the clerk's office is not admitted into evidence). This

rule is based, in part, on permitting the non-moving party an opportunity to respond to

these allegations before a conviction is reversed on this basis. See Hailey v. State, 87

S.W.3d 118, 121–22 (Tex. Crim. App. 2002) (providing that appellate courts would violate

ordinary notions of procedural default to reverse a trial court’s decision on a theory not

presented to the trial court). Because Muñoz’s affidavit was not introduced into evidence

at any hearing on his motion for new trial, we may not consider the allegations contained

in his motion and his affidavit for any reason. So this argument fails and does not provide

support for his second issue.

 We overrule Muñoz’s second issue.

D. Arraignment

 By a third issue, Muñoz complains of the trial court’s failure to hold an arraignment.

Yet the trial court’s criminal docket sets out that both sides appeared and announced

ready at the August 7, 2012 arraignment hearing, where Muñoz was arraigned and

pleaded “not guilty.”1 We overrule this third issue.

E. Allocution

 By his fourth and final issue, Muñoz complains of the trial court’s denial of his

request for allocution. “‘[A]llocution’ refers to a trial judge’s asking a criminal defendant

to ‘speak in mitigation of the sentence to be imposed.’” Eisen v. State, 40 S.W.3d 628,

 1 We decline to entertain the State’s request that we sanction Muñoz’s counsel “for this factual

misstatement” and for “intentionally omitting [the arraignment document that was signed by Muñoz, his
counsel, and the trial court] from his [appellate-record] request.”
 8
631–32 (Tex. App.—Waco 2001, pet. ref’d) (quoting A DICTIONARY OF MODERN LEGAL

USAGE, 45 (Bryan A. Garner ed., 2d ed., Oxford 1995)); see also Pena v. State, No. 13-

14-00120-CR, 2014 WL 4161562, at *2–4 (Tex. App.—Corpus Christi Aug. 21, 2014, no

pet.) (mem. op., not designated for publication) (discussing and comparing the common

law right to allocution, the federal rule of criminal procedure 32(i)(4)(A)(ii) requirements,

and the statutory requirements set out in Texas Code of Criminal Procedure article 42.07).

And article 42.07 allows the defendant to bring to the court's attention legal bars to the

imposition of punishment that may not be of record, specifically a pardon, incompetency,

or mistaken identity. See TEX. CODE CRIM. PROC. ANN. art. 42.07 (West, Westlaw through

Ch. 46, 2015 R.S.); see also Pena, 2014 WL 4161562, *3 (citing Eisen, 40 S.W.3d at

635–36).

 The record of the punishment hearing reflects the following exchange took place:

 [Defense Counsel]: My client would like to say a word, Judge.

 The Court: Mr. Muñoz?

 [Muñoz]: Ma’am, I just want to apologize for any inconvenience
 that I’ve done in this court. Please have mercy on me,
 ma’am. Be lenient on me, please.

Based on our review of the record, we conclude that Muñoz did have the opportunity to

speak in mitigation of the sentence to be imposed. See Eisen, 40 S.W.3d at 631–32;

see also Pena, 2014 WL 4161562, at *2–4.

 Nonetheless, following this allocution and after hearing all arguments, the trial

court admonished Muñoz concerning his actions and his “lengthy record.” At this point

Muñoz asked, “Can I say something, ma’am?” The trial court responded, “Not at this

 9
moment,” continued its admonishments, and then sentenced Muñoz to fifteen years in

prison.

 Regarding this second request to allocate, to the extent Muñoz preserved error

and is now arguing that the trial court failed to follow article 42.07 and allow him “to say

why the sentence should not be pronounced against him,” TEX. CODE CRIM. PROC. ANN.

art. 42.07, Muñoz offers no contention that any of the statutory reasons that prevent the

pronouncement of sentence, including a pardon, incompetency, or mistaken identity, ever

existed. See id. So we conclude that Muñoz has not shown that he was harmed by any

trial court error in this regard. See Tenon v. State, 563 S.W.2d 622, 624 (Tex. Crim. App.

1978). We overrule Muñoz’s fourth issue.

 III. CONCLUSION

 We affirm the trial court’s judgment.

 NELDA V. RODRIGUEZ
 Justice
Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 1st
day of September, 2015.

 10