**Opinion filed January 5, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00062-CR, 11-17-00063-CR, & 11-17-00064-CR

_____

### ROLANDO SANTAMARIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR23946, CR24604, & CR24605**

## M E M O R A N D U M   O P I N I O N

The grand jury returned indictments[1] against Appellant for two second-degree felony offenses of sexual assault[2] and for one third-degree felony offense of attempted sexual assault.[3]  Appellant waived his right to a jury trial in each case, and

---

[1]Each indictment alleged a criminal act against a different victim.

[2]*See* TEX. PENAL CODE ANN. § 22.011 (West Supp. 2017).

[3]*See id.* § 15.01 (West 2011).

the trial court, after a bench trial, found him guilty of all three offenses. The trial court assessed punishment at confinement for fifteen years for each of the two convictions of sexual assault and confinement for ten years for the conviction of attempted sexual assault. The trial court sentenced Appellant and ordered that the sentences run concurrently. On appeal, Appellant argues that his education level rendered him unable to intelligently waive his right to a jury trial. We affirm.

## I. *Background Facts*

Appellant, a citizen of Mexico, is a massage therapist who has lived in the United States since 1988.[4] During 2014 and 2015, Appellant offered massage services out of a nail salon in Early and provided massages to Debra Diane Johnson, Sonya Silva, and Lindsay Womack. Johnson, Silva, and Womack each alleged that Appellant inappropriately touched their sexual organs during their massages. Silva reported Appellant to the police in 2015, and Appellant left the country. Appellant was arrested in 2016, and Womack and Johnson reported their assaults shortly after Appellant's arrest was publicized.

Before trial, Appellant expressed in writing that he wished to waive his right to a jury trial in all three cases against him. At a pretrial hearing, the trial court asked Appellant about his age and education level and about his ability to read, write, and understand the English language. Appellant said that he had an elementary level education and that his ability to read and write the English language was "[n]ot too good," but he stated that he did not need an interpreter for the hearing. The trial court also explained the ramifications of Appellant's waivers and asked whether he agreed to and understood the waivers. Appellant said that he agreed and understood. The State agreed to all three jury waivers, and the trial court approved.

---

[4]Appellant is not a citizen of the United States but is a permanent resident.

## II. *Analysis*

Appellant claims in a single issue on appeal in each case that his elementary education was insufficient as a matter of law to provide him with the cultural and educational background necessary to voluntarily, knowingly, and intelligently waive his right to a jury trial. A defendant is guaranteed the right to a jury trial by the United States and Texas Constitutions. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."); TEX. CONST. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *see* TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005). A defendant can waive the right to a jury trial, but the State must prove that the waiver was made voluntarily, knowingly, and intelligently. *Brady v. United States*, 397 U.S. 742, 748 (1970) (citing *Brookhart v. Janis*, 384 U.S. 1, 4–5 (1966); *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 275 (1942); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *Patton v. United States*, 281 U.S. 276, 312 (1930)); *see Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009) (citing *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984); *Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983)). Article 1.13 of the Texas Code of Criminal Procedure governs the waiver of jury trials in Texas. *Hobbs*, 298 S.W.3d at 197 (citing CRIM. PROC. art. 1.13(a)). For a waiver to be proper under Article 1.13, the defendant must make the waiver in person and in writing, in open court, and do so with the consent and approval of both the trial court and the State. CRIM. PROC. art. 1.13(a) (West Supp. 2017).

The record reflects that all of the requirements of Article 1.13 were satisfied. Appellant signed written waivers for all three causes, appeared in open court, and agreed to the waivers. The prosecutor signed each waiver and consented to the three waivers at the pretrial hearing. The waivers were also filed before Appellant entered his pleas of not guilty in each case. Finally, the trial court, on the record, accepted the agreed waivers.

Appellant nonetheless claims that his waivers were ineffective, despite compliance with Article 1.13, because of his education level. Appellant argues that, because he only possesses an elementary school education, he does not have adequate knowledge of the United States legal system to intelligently waive his right to a jury trial. Whether "there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams*, 317 U.S. at 278.

> In these cases, the trial court explained to Appellant what the waivers meant:

> Each of these cases you are scheduled for jury, and you have an absolute right for a jury, and they are set on Monday, but you are saying to me that you are waiving your right to a jury, you agree that the case can be taken up without a jury for either guilt/innocence or for punishment purposes. That would mean it would be tried before me as the judge or some other judge in my place if for some reason I wasn't able to do it.

> And then you are doing so voluntarily and intelligently and knowingly, understanding this is a valuable right, but that you give that up and you agree to go forward. You are not pleading guilty to anything, but you are just simply saying you are going to have a nonjury trial before a judge and not with a jury for either guilt/innocence or punishment purposes. Do you understand all of that?

Appellant said that he understood and agreed to the waivers. The trial court also ensured that Appellant did not need an interpreter and was able to read and understand the written waivers he had signed. The record reflects that the trial court properly explained to Appellant what his waivers meant and made an adequate inquiry to ensure that Appellant understood his choice to waive his constitutional right to a jury. *See Martinez v. State*, 449 S.W.3d 193, 199–200 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Smith v. State*, 363 S.W.3d 761, 767–68 (Tex. App.—Austin 2012, pet. ref'd); *Hoang v. State*, 825 S.W.2d 729, 732 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd)) (record supported trial court's

"implicit determination" that Spanish-speaking defendant voluntarily and knowingly waived his right to jury trial where the trial court questioned him and determined that he wished to proceed with a bench trial rather than a jury trial). We conclude, as our sister courts have under analogous circumstances, that Appellant voluntarily, knowingly, and intelligently waived his right to a jury trial in all three causes. *See id.*; *Smith*, 363 S.W.3d at 767–68 (criminal defendant waived jury trial where the trial court explained the meaning of a bench trial and the contents of the jury-waiver form and ensured that the defendant was "intelligently, knowingly, and voluntarily" waiving her constitutional rights); *Hoang*, 825 S.W.2d at 732 (waiver of jury trial effective for Vietnamese-speaking defendant where trial court asked if defendant understood he had a right to a jury trial, if he understood what a jury trial was, and if he agreed to waive his right and have the trial court decide the case). Accordingly, we overrule Appellant's sole issue on appeal.

## III. *This Court's Ruling*

We affirm the judgments of the trial court.

MIKE WILLSON
JUSTICE

January 5, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J., Bailey, J.,
and Wright, S.C.J., sitting by assignment.[5]

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.